UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY
CASE NO. 06-20721

MAGISTRATE JUDGE
GARBER



TRIPLECHECK, INC.
d/b/a SEA TOW MIAMI,
         Plaintiff,

vs.

CECILE D. BARKER, in personam, and
36-foot Motorboat named "SOUL PREMIER",
bearing Registration No. FL4353LZ, its
engines, equipment, machinery, furnishings,
apparel and appurtenances, etc., in rem,
         Defendants
_____/

## COMPLAINT

This is a case of admiralty and maritime jurisdiction, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. 1333.

1. Plaintiff, TRIPLECHECK, INC. d/b/a SEA TOW MIAMI (hereinafter "SEA TOW"), is a Florida corporation with its principal business office in, and a citizen of, Miami-Dade County, Florida.

2. Defendant CECILE D. BARKER (hereinafter "BARKER") is an individual believed to be a resident of, and citizen of, Miami-Dade County, Florida. BARKER was reportedly the owners of the 36-foot motorboat named "SOUL PREMIER" and bearing registration number FL4353LZ at the time at issue.

3. The *in rem* defendant vessel is a 2002 36-foot motorboat named "SOUL PREMIER" and bearing registration number FL4353LZ. It has engines, equipment, machinery, furnishings, apparel and appurtenances, etc. (hereinafter the "BOAT")

4. The BOAT is presently located, or will be during the pendency of this action, within the

2   TRIPLECHECK/ SEA TOW v BARKER & 36-FOOT MOTORBOAT
    CASE NO.

Southern District of Florida.

5.  This is an action in foreclosure of a maritime lien, according to the general maritime laws, statutes and treaties of the United States.

6.  The events described herein took place in navigable waters of the United States, in Miami-Dade County, Florida..

7.  All conditions precedent to bringing this action have occurred, have been performed or have been waived.

8.  SEA TOW is engaged in the business of towing, rescue and salvage of vessels. SEA TOW maintains waterfront facilities for these services.

9.  SEA TOW was called to rescue the subject BOAT in peril on July 7, 2005. The BOAT was taking on water at Miami Beach Marina at Miami Beach, Florida.

10. SEA TOW offered its rescue services to the master of the BOAT on a salvage basis, to which the master of the yacht agreed. The BOAT had approximately four feet of seawater above the floor in its engine room when the rescue commenced.

11. SEA TOW performed the rescue of the BOAT by using its rescue vessel and three high-volume pumps to dewater the BOAT. SEA TOW then towed the BOAT to H2O Marina for an emergency haulout.

12. BARKER, as the BOAT's owner, signed the "U.S. OPEN FORM SALVAGE AGREEMENT," attached hereto as Exhibit "A," acknowledging the salvage and agreeing to pay a salvage fee to SEA TOW for its rescue services.

13. SEA TOW claims a maritime lien against the BOAT, and against BARKER, as owner, for salvage services in removing the BOAT from its peril.

14. The amount of the claim by SEA TOW is $40,750.00 plus interest, collection expenses and attorney fees, based upon the factors for maritime salvage services. The attorney fees, interest and collection expenses are specifically stated in the parties' contract.

15. SEA TOW has demanded payment from BARKER, but he has failed and refused to pay the claim.

16. SEA TOW is the principal and only salvor who participated in this incident regarding this BOAT. This suit is instituted only on behalf of SEA TOW.

17. A maritime lien claim for salvage services is within the exclusive jurisdiction of the United States District Court.

18. Alternatively, SEA TOW claims against BARKER for breach of contract to rescue the BOAT or for quantum meruit and unjust enrichment for its services.

19. In addition to the contract provisions, SEA TOW claims attorney fees from BARKER under general maritime law for bad faith in failing to pay this claim.

WHEREFORE, Plaintiff prays:

a) That process be issued according to the rules and practice of this Court in causes of admiralty and maritime jurisdiction against the 36-foot motorboat named "SOUL PREMIER, bearing registration number FL4353LZ, its engines, equipment, machinery, furnishings and appurtenances, etc, *in rem*, and against Defendant BARKER, citing them to appear and answer all and singular the matters aforesaid;

b) That the 36-foot motorboat named "SOUL PREMIER," bearing registration number FL4353LZ, its engines, equipment, machinery, furnishings and appurtenances, etc, *in rem*, be

4   TRIPLECHECK/ SEA TOW v BARKER & 36-FOOT MOTORBOAT<br>CASE NO.

arrested and sold by this Court according to the rules and practice of this Court in admiralty and maritime actions;

d)  That judgment *in personam* and *in rem* be entered against Defendant BARKER for the amount of Plaintiff's claims, with interest, costs, expenses and attorney fees;

e)  That Plaintiff have such other relief as may be justified.

> Attorney for Plaintiff:
> Law Office of John H. Thomas, P.A.
> 3037 SW 4th Avenue
> Miami, FL  33129
> Tel:   (305) 519-5116
> Fax:   (305) 858-0948
>
> By: _____
> JOHN H. THOMAS
> Fla. Bar No. 266711

6103complaint

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

Before me, the undersigned authority, appeared Brian Hawthorne, who, upon being duly sworn on oath, deposes and says

1. I am Brian Hawthorne, President of Triplecheck, Inc. dba Sea Tow Miami, the Plaintiff in this action.

2. I am familiar with the facts in this matter.

3. The foregoing Complaint is true and correct, to the best of my knowledge, information and belief.

_____
Brian Hawthorne

Sworn to and subscribed before me at Miami, Miami-Dade County, Florida, on this day of March 8, 2006.

The affiant is personally known to me and did swear on oath.

_____
Notary Public

JOHN H. THOMAS
MY COMMISSION # DD 103686
EXPIRES: March 27, 2006
1-800-3-NOTARY   FL Notary Service & Bonding, Inc.

The Society of Maritime Arbitrators, Inc.
# U.S. OPEN FORM SALVAGE AGREEMENT
Codename - MARSALV©

This **SALVAGE AGREEMENT** ("The Agreement"), between __Cecile Barker__ Master and/or Owner and/or Underwriter of the vessel __Soul Premier__ ('The Vessel') and __Sea Tow Miami__ ("The Salvor"), is for salvage services rendered or to be rendered to the Vessel, her cargo and other property currently lying at or near __Miami Beach Marina 2546 8007__, under the following terms and conditions:

**FIRST:** The Salvor shall use his best endeavors to salve the Vessel, her cargo and other property and deliver same safely afloat, hauled or drydocked at or near __H2O Marina 79th St Miami__, at which place and time the Salvors services will terminate unless otherwise mutually agreed.

**SECOND:** The Master and crew of the Vessel agree to lend their aid and assistance to the Salvor, who shall be entitled, free of expense, to the reasonable use of the Vessel's equipment.

**THIRD:** The Salvor's services are to be performed on the following basis **(check and initial):**

[X] **No Cure-No Pay** (Compensation to be conditioned upon successful salvage of the Vessel and/or her cargo and/or other property. In such case, the Salvors compensation shall be pursuant to the criteria and other provisions of Article 13 of the 1989 International Convention on Salvage shown on the reverse of this Agreement).

[ ] **No Cure-No Pay, Fixed Fee $_____**

[ ] **Per Diem/Hourly at** $_____ per day/hour pro rata

[ ] **Other**_____

**FOURTH:** Notwithstanding the election(s) made in Paragraph THIRD, the Salvor shall in any event be entitled to compensation for actions he takes to prevent or minimize damage to the environment, pursuant to Articles 13 and 14 of the 1989 International Convention on Salvage shown on the reverse of this Agreement.

**FIFTH:** The Salvor shall have a lien upon the Vessel, her cargo and other property for services rendered pursuant to Paragraphs THIRD and FOURTH, and his statement for services rendered shall be submitted as promptly as possible after completion or termination of such services. In lieu of arrest or attachment of the Vessel the Salvor may demand reasonable security for such services from the Vessel and cargo interests as a condition for releasing same.

**SIXTH:** This Agreement shall be governed by and construed in accordance with the Federal Maritime Law of the United States. Any dispute arising out of this Agreement shall be referred to arbitration in the United States in accordance with the applicable Arbitration Rules of the Society of Maritime Arbitrators, Inc. The Arbitrator(s) shall be familiar with maritime salvage. Any award made hereunder may include interest, attorney's fees and costs, and shall be final and binding. For the purpose of enforcement the Award may be entered for judgment in any court of competent jurisdiction.

Dated this __7th__ day of __July__, 20__05__

For: **SALVOR**
_____
(authorized signature)
__Patrick Hagood - Captain__
(print name and title)

For: **VESSEL, CARGO and PROPERTY**
_____
(authorized signature)
__Cecile D. Barker, Owner__
(print name and title)

Exhibit "A"

White: Salvor • Yellow: Master/Owner • Pink: Underwriter         ©1996 Society of Maritime Arbitrators, Inc. Rev. 1999

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

**06-20727**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Triplecheck, Inc. dba Sea Tow Miami

**DEFENDANTS**
Cecile D. Barker, **CIV-MOORE**
36-Foot Motorboat "Soul Premier," FL4353LZ

(b) County of Residence of First Listed Plaintiff **Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John H. Thomas
Law Office of John H. Thomas, P.A.
3037 SW 4th Ave, Miami, FL 33129
305-519-5116

Attorneys (If Known)
**MAGISTRATE JUDGE**
Moore
**GARBER**

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Foreclosure of maritime lien in admiralty.
Exclusive federal jurisdiction.

LENGTH OF TRIAL via **1** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **40,750.00 + interest + attorney fees**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____    DATE 3/22/06

FOR OFFICE USE ONLY
AMOUNT **250** -    RECEIPT # **937240**    IFP _____